FRANK SEITHER v. CLEVELAND (CITY).

COMMON PLEAS DEPRIVED OF JURISDICTION ON APPEAL TO RETRY APPRO-
PRIATION PROCEEDINGS BEGUN IN INSOLVENCY COURT BEFORE AMEND-
MENT.

The effect of the act of March 22, 1909 (100 O. L. 100), amending
Sec. 21 of the Mun. Code of 1902 (Gen. Code 3695) was to
deprive the common pleas court of jurisdiction on appeal to

retry appropriation proceedings begun by a municipal corporation before that date in the insolvency court, but not carried to judgment until after the passage of said act.

ERROR to Cuyahoga common pleas court:

*Smith, Taft & Arter,* for plaintiff in error.

*N. D. Baker,* city solicitor, and *W. D. Wilkin,* Asst. city solicitor, for defendant in error.

Cited and commented upon the following authorities. *Toledo* v. *Marlow,* 28 O. C. C. 298 (8 N. S. 121) ; *Atlantic & Gt. W. Ry.* v. *Campbell,* 4 Ohio St. 583 [64 Am. Dec. 607] ; *Westerman* v. *Westerman,* 25 Ohio St. 500.

**WINCH, J.**

This is a proceeding to review the judgment of the common pleas court dismissing, for want of jurisdiction, an appeal to said court from the judgment of the insolvency court of Cuyahoga county, in an action to assess compensation for lands sought to be appropriated by the city of Cleveland for park and boulevard purposes.

Previous to March 22, 1909, such appeals were provided for by Sec. 21 of the Mun. Code of 1902 (Gen. Code 3695, 3696). On said date an act of the general assembly (100 O. L. 100) became effective, which abolishes such appeals and provides in lieu thereof a review of the judgments of the insolvency court in such proceedings by petition in error to the circuit court. This act contains no provision with regard to its application to pending actions or proceedings or causes thereof, as mentioned in Gen. Code 26 (R. S. 79).

The important dates to be considered in this case are the following:

October 12, 1908, resolution passed by the city council declaring its intention to appropriate the lands of plaintiff in error and others.

March 22, 1909 (the very day the law referred to took effect), ordinance passed by city council directing said appropriation to proceed.

Seither v. Cleveland.

March 30, 1909. Application to assess compensation filed in insolvency court.

May 20, 1909. Verdict and judgment in insolvency court as to compensation awarded plaintiff in error.

June 4, 1909. Appeal to common pleas court perfected by filing transcript in said court.

It will be noticed that the proceedings in the insolvency court were not commenced until after the law was amended, but on the theory that said proceedings were but a part of the original proceedings to appropriate, begun by the city council by the passage of its declaratory resolution on October 12, 1908, we shall treat this matter as *if* the proceedings instituted in the insolvency court antedated the change in the law.

This change in the law affected only the remedy in such matters,—the right to have a judgment of the insolvency court reviewed, either by appeal to the common pleas court under the former law, or by petition in error to the circuit court, under the later law.

This question is determined by the date of the judgment sought to be reviewed, for, under the decision of the Supreme Court in the case of *Gompf* v. *Wolfinger,* 67 Ohio St. 144 [65 N. E. Rep. 878], the review of judgments rendered before the amendment is governed by the former law, but the review of judgments rendered after the amendment in cases pending at the time the law is changed, is governed by the amendment.

Before reading the syllabus of that case, let us consider what the court says on page 147, as to the nature of the right to review a judgment.

"That a resort by petition in error to a court of superior jurisdiction for the reversal of the judgment of a court of inferior jurisdiction is a proceeding in contemplation of the general section, (Gen. Code 26; R. S. 79) was determined in [*Travelers*] *Insurance Co.* v. *Myers,* 59 Ohio St. 332 [52 N. E. Rep. 831]. * * * That decision may be cited as full authority for the conclusion that the judgment * * * whose reversal is sought * * * was * * * a cause of proceeding within the meaning of Gen. Code 26 (R. S. 79).

Cuyahoga County.

The syllabus of *Gompf* v. *Wolfinger, supra,* is as follows:

"1. The act of May 12, 1902, to amend Gen. Code 12250-12253 (R. S. 6710), not being by its terms applicable to causes of proceeding then existing, did not take from this court jurisdiction to review such judgments which the circuit court had previously rendered as were subject to review at the time of their rendition.

"2. The effect of that act was to deprive this court of jurisdiction to review a judgment of the circuit court rendered after its passage and not coming within its term. *Slingluff* v. *Weaver,* 66 Ohio St. 621 [64 N. E. Rep. 574], approved and followed."

The second paragraph of the syllabus is decisive of this case, for here the law was amended on March 22, 1909, and the judgment sought to be reviewed was not rendered until May 20, 1909.

If it be suggested that there is some difference between the right to appeal from a judgment and the right to review it on error, we find that matter also disposed of on page 151 of *Gompf* v. *Wolfinger, supra,* where Judge Shauck says:

"It is necessary to observe that, with respect to the present question, it is not practicable to distinguish between an appeal with a view to a trial *de novo* and a proceeding in error to review a judgment of an inferior court for error appearing upon its record. They are alike resorts to a jurisdiction which sections 2 and 6 of article 4 of our constitution denominate appellate, and they are equally effective to destroy the final character of the judgment rendered, by requiring the parties to bear the burden of a retrial upon questions of fact or of law, or both."

Judgment affirmed.

**Henry** and **Marvin, JJ.,** concur.